UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SFX MOTOR SPORTS, INC. d/b/a** § | | |
| **CLEAR CHANNEL ENTERTAINMENT-** § | | |
| **MOTOR SPORTS,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **CIVIL ACTION NO. H-04-0601** | |
| § | | |
| **CHRIS AGAJANIAN PRESENTS, INC.** § | | |
| **and CHRIS AGAJANIAN,** § | | |
| § | | |
| **Defendants.** § | | |

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiff, SFX Motor Sports, Inc. d/b/a Clear Channel Entertainment-Motor Sport's ("SFX") First Amended Application to Vacate or Modify Arbitration Award (Dkt. #13) and SFX's Motion for Entry of Order (Dkt. #16). After careful consideration of the entire record and the applicable law, the Court is of the opinion that SFX's First Amended Application to Vacate or Modify Arbitration Award should be GRANTED in part and DENIED in part, and SFX's Motion for Entry of Order should be GRANTED in part and DENIED in part.

**Factual and Procedural Background**

This case arose out of a contract dispute between SFX and Defendants, Chris Agajanian Presents, Inc. and Chris Agajanian (collectively "CAPI"), which was submitted to binding arbitration in accordance with a "Binding Arbitration" clause in the Purchase Agreement entered into by the parties.[1] After SFX instituted its arbitration claim with the American Arbitration

---

[1] Sec. 5.12 of the purchase agreement provides, in relevant part:

Binding Arbitration. Except for any attempt to obtain an injunction or an equitable order of specific performance . . ., all other disputes arising out of or in connection

Association, an arbitration hearing was conducted before a jointly selected arbitrator on September 23-26, 2003. On November 19, 2003, the arbitrator issued his award, finding that: (1) CAPI breached section 4.1(h) of the purchase agreement by misrepresenting that they had a valid and enforceable agreement with a third party, Lone Star Park; (2) SFX breached section 1.5(a) of the purchase agreement by failing to timely pay Defendants a contingency payment called for in the agreement; and (3) neither party was entitled to damages or attorneys' fees for the breach of the other party. The arbitrator subsequently denied SFX's motion to modify the arbitration award, holding that he lacked jurisdiction to entertain the motion.

On February 17, 2004, SFX filed its Original Application to Vacate or Modify Arbitration Award in this Court. *See* Dkt. #1. CAPI moved to dismiss the application on the ground that the Court lacks jurisdiction to entertain it. *See* Dkt. #8. On April 13, 2004, with leave of Court, SFX filed its First Amended Application to Vacate or Modify Arbitration Award. *See* Dkt. #13. SFX also filed a motion for entry of an order vacating or modifying the arbitration award. *See* Dkt. #16. In responding to the motion, CAPI renewed their motion to dismiss and asked that it be considered with respect to SFX's First Amended Application to Vacate or Modify Arbitration Award. *See* Dkt. #18. Although initially granting CAPI's motion to dismiss for lack of jurisdiction, the Court subsequently reconsidered its position, denied the motion to dismiss, and reinstated the lawsuit. *See* Dkt. #27.

---

with this Agreement, which cannot be settled by mutual agreement between the parties, shall be settled by a single arbitrator in an arbitration proceeding in Houston, Texas . . . Any award by the arbitrator shall be final, binding and nonappealable (except for errors of law).

Dkt. #1, Ex. Purchase Agreement.

**Discussion**

SFX asks the Court to enter an order vacating or modifying the arbitrator's award, arguing that the award contains clear errors of law. CAPI disputes that the arbitrator made any errors of law, but argues in the alternative that the only possible remedy is to vacate and remand the entire proceeding for a new arbitration, instead of a limited remand on the issue of damages. The Court will address these issues below.

**I.      Standard of Review**

Under federal law, a court's review of an arbitration award is usually "extraordinarily narrow." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004); *see also Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385 (5th Cir. 2004). In most cases, an arbitration award may be vacated based only on the specific grounds identified in the Federal Arbitration Act ("FAA") and case law. *Kergosien*, 390 F.3d at 353. The FAA identifies four separate bases for vacatur: 1) "the award was procured by corruption, fraud, or undue means;" 2) the arbitrator(s) evidenced partiality or corruption; 3) the arbitrators were guilty of misconduct or misbehavior that prejudiced the rights of a party; and 4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a); *see also Kergosien*, 390 F.3d at 353; *Brabham*, 376 F.3d at 380-81. In addition to the statutory grounds, the Fifth Circuit recognizes "manifest disregard of the law" and "contrary to public policy" as bases for vacatur of an award. *Kergosien*, 390 F.3d at 353; *see also Brabham*, 376 F.3d at 381 (acknowledging the potential applicability of the "manifest disregard" standard in a variety of contexts); *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 396 (5th Cir. 2003) (recognizing that some circumstances may exist in which an award should be vacated as contrary to public policy).

In this case, however, the parties contractually agreed to permit expanded review of the arbitration award by the federal courts. Specifically, their contract details that "[a]ny award by the arbitrator shall be final, binding and nonappealable (except for errors of law)." The Fifth Circuit has explained that such language evidences the parties' intent to have "errors of law" reviewed de novo. *See Gateway Techs., Inc. v. MCI*, 64 F.3d 993, 996-97 (5th Cir. 1995) (construing contract language stating that "[t]he arbitration decision shall be final and binding on both parties, *except that errors of law shall be subject to appeal*") (emphasis in original); *Harris v. Parker Coll. of Chiropractic*, 286 F.3d 790, 793-94 (5th Cir. 2002) (contract expressly provided that "each party shall retain his right to appeal any questions of law"). Thus, the Court will evaluate the arbitration award at issue in accordance with the intent of the parties, which includes a de novo review for any possible errors of law.

## II.    The Arbitration Award

SFX attacks the arbitration award on two fronts. First, SFX contends that it did not breach the Purchase Agreement by offsetting amounts due to CAPI. Second, even if SFX did breach the contract, SFX asserts that the arbitrator erred as a matter of law by concluding that SFX was barred from recovering damages. Therefore, SFX seeks vacatur of the arbitration award and a remand to the American Arbitration Association for a hearing before a different arbitrator to determine damages.

### A.    SFX's Default

In addition to finding that CAPI had breached the contract, the Arbitrator's Award also concluded that SFX has defaulted on its obligation under Section 1.5(a) of the Purchase Agreement. According to Section 1.5(a), SFX was to pay an additional lump sum installment of $200,000 if certain conditions were satisfied. The arbitrator found as a matter of fact that these conditions were

satisfied, which then triggered SFX's obligation to pay the additional amount. It is undisputed that SFX did not pay the specified amount. As a result, the arbitrator found SFX had breached this provision of the Purchase Agreement.

SFX asserts that its obligation under Section 1.5 was legally excused in light of the arbitrator's finding that CAPI had already breached Section 4.1 of the Purchase Agreement. In support of its position, SFX relies upon Section 4.2 of the Purchase Agreement. Section 4.2 provides,

> <u>Indemnification by Seller</u>. From and after the date hereof, [CAPI] will reimburse, indemnify, and hold [SFX] harmless from and against:
>
> (a) Any and all damages, losses, deficiencies, liabilities, costs and expenses based upon, resulting from, relating to or arising out of any one or more of the following matters:
>
> (i) any representations expressly made by [CAPI] in this Agreement or any document or instrument executed and delivered as contemplated by this Agreement being false or misleading in any material respect;
>
> (ii) the breach or violation of any covenant or agreement made by [CAPI] in this Agreement or any other document or instrument executed as contemplated by the provisions of the Agreement;
>
> * * *
>
> [SFX] may offset against any amounts payable to [CAPI] under or pursuant to the provisions of this Agreement, the Employment Agreement or the Consulting Agreement against any and all obligations of [CAPI] pursuant to the provisions of this Section 4.2.

According to SFX, Section 4.2 of the agreement expressly allowed it to withhold amounts which would otherwise be due because, as the arbitrator concluded, CAPI had already breached its representations and warranties. The Court disagrees, and finds that the arbitrator's conclusion with regard to SFX's breach must not be disturbed.

5

As SFX has itself noted, it is clear that it chose to continue performance under the contract, rather than terminate or rescind, despite CAPI's breach of a representation regarding the Lone Star Park event. In doing so, SFX had an obligation under the Section 1.5 of the agreement to make an additional payment after the satisfaction of the specified conditions. While Section 4.2 does allow SFX to offset certain amounts payable to CAPI, the contract does not provide SFX the unilateral authority to determine the offset amount. That is, the Purchase Agreement does not provide that SFX may itself assess or quantify the obligation of CAPI in determining whether to complete its performance. Although CAPI may have been obligated to SFX under the Purchase Agreement as a result of its default, the exact amount of the obligation had not been determined at the time of SFX's decision to withhold payment. Moreover, as the foregoing makes clear, any determination as to whether SFX's withholding of its payment constituted a breach would necessarily involve a factual determination of the amount of the obligations owed by each party under the agreement. As such, the arbitrator's decision on this issue represents a mixed question and law and fact, which this Court is not empowered to disturb under the facts presented in this case.

**B.    Damages**

Even if it were in breach of its obligations under the Purchase Agreement, SFX contends that it should have been allowed to recover damages for CAPI's breach. In his decision, the arbitrator concluded that neither SFX nor CAPI was entitled to damages from the breach of contract by the opposing party. Citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990), the arbitrator noted that "[s]ince both SFX and [CAPI] are in default of the Purchase Agreement, neither may recover for the breach of the other." SFX maintains that the arbitrator erred as a matter of law in reaching this conclusion. Specifically, SFX argues that any subsequent breach on its part does not allow CAPI to escape liability for their earlier breach. The Court agrees.

In *Information Communication Corp. v. Unisys Corp.*, 181 F.3d 629 (5th Cir. 1999), the Fifth Circuit reversed a district court's decision that had been "predicated . . . upon its understanding of the Texas canon of contract law stated in *Dobbins v. Redden*, 785 S.W.2d 377 (Tex. 1990), that 'a party to a contract who is himself in default cannot maintain a suit for its breach.'" In *Unisys*, the district court rendered a take-nothing judgment after the jury determined that both parties had breached the contract. *Id*. at 631. In reversing, the Fifth Circuit agreed with the lower court that the first party to breach the contract was precluded from recovering under the contract, but disagreed that *Dobbins* precluded recovery for the later breaching party. Specifically, the court explained that it was troubled by the application of the *Dobbins* rule in light of the Texas Supreme Court's decision in *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685 (Tex. 1981), in which the court permitted Evadine Mead, a party to a business sales contract, to recover under the contract despite the fact that she was in breach at the time she sued under it. Applying the rule in *Mead*, the *Unisys* court explained that "'[a] party in default on a contract is not relieved by a subsequent breach by the other party.'" *Unisys*, 181 F.3d at 633 (citing *Mead*, 615 S.W.2d at 689).

Applying the analysis used in *Unisys* and *Mead*, this Court finds that the arbitrator's decision to deny damages was erroneous as a matter of law. To be sure, the arbitrator's decision in this case would withstand the traditional deferential standard of review applied to arbitration awards; however, a de novo review, as contractually agreed upon by the parties, leads this Court to a different conclusion. Moreover, although CAPI "is not relieved by a subsequent breach by the other party," SFX should not escape liability for its breach either. *Mead*, 615 S.W.2d at 689. In particular, the Court notes that SFX, rather than rescinding the contract and seeking damages after first learning of CAPI's breach, opted to continue under the contract and accept its benefits. As a result and as previously discussed, SFX was then obligated to continue performance, including its

obligation to make an additional installment payment under Section 1.5. To allow SFX to recover for CAPI's breach, but to escape liability for its own would be "inequitable and allow [SFX] to be unjustly enriched."[2] *Id.*

**C.     Relief**

Finally, the Court must determine whether to remand the entire proceeding to the American Arbitration Association for a new arbitration before a different arbitrator on all issues or whether to limit the remand to the issue of damages. While SFX seeks only a limited remand, CAPI argues that a remand of the entire proceeding is necessary because "[a]s issued, the award does not determine all claims presented . . . ." Although a limited remand on the issue of damages appears economical, the Court agrees that all claims potentially impacting the issue of damages have not been adjudicated. In particular, the arbitrator noted that "having found [that SFX's breach of 1.5(a)], [he] found it unnecessary to analyze [CAPI]'s claim pursuant to Section 1.5(e)." Thus, it is entirely possible that a different conclusion as to the availability of damages could lead to additional analysis in a new arbitration award. As such, the only equitable result is to remand this case for a new arbitration. As both parties have requested a different arbitrator, the proceeding shall be conducted before a new arbitrator.

**Conclusion**

For the foregoing reasons, SFX's First Amended Application to Vacate or Modify Arbitration Award is GRANTED in part and DENIED in part, and SFX's Motion for Entry of Order

---

[2] Although the Fifth Circuit in *Unisys* prohibited the party breaching the contract first from recovering, the facts of that case are easily distinguishable from the case at bar. In particular, both parties in that case had agreed that the covenants at issue "were mutually dependent, such that if either party materially breached the contract, the other was excused from performing its contractual obligations." *Unisys*, 181 F.3d at 631. In this case, however, in choosing to treat the contract as continuing and accept the benefits of the contract, SFX was not excused from its obligations. Therefore, CAPI should not be prohibited from recovery.

is GRANTED in part and DENIED in part. In accordance with this Memorandum and Order, it is ORDERED that the Arbitrator's Award is set aside and that this case shall be remanded to the American Arbitration Association for further proceedings. Final judgment shall issue on even date herewith.

    It is so ORDERED.

    Signed this 10th day of January, 2006.

                          JOHN D. RAINEY
                    UNITED STATES DISTRICT JUDGE