UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SFX MOTOR SPORTS, INC. d/b/a** § | | |
| **CLEAR CHANNEL ENTERTAINMENT-** § | | |
| **MOTOR SPORTS,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-04-0601 |
| § | | |
| **CHRIS AGAJANIAN PRESENTS, INC.** § | | |
| **and CHRIS AGAJANIAN,** § | | |
| § | | |
| **Defendants.** § | | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Plaintiff, SFX Motor Sports, Inc.'s ("SFX"), Motion to Reconsider (Dkt. #32). In its motion, SFX seeks reconsideration of this Court's Memorandum and Order ("M&O") (Dkt. #30) and associated Final Judgment dated January 6, 2006 (Dkt. #31), which set aside the Arbitrator's Award and remanded the case to the American Arbitration Association ("AAA") for a new arbitration. After careful consideration of the motion, the response, and the applicable law, the Court is of the opinion that SFX's Motion to Reconsider should be DENIED.

**Discussion**

In its previous M&O, this Court granted in part and denied in part SFX's First Amended Application to Vacate or Modify Arbitration Award, as well as SFX's Motion for Entry of Order. In particular, the Court explained that the arbitrator's decision to deny damages was erroneous as a matter of law, and that remand was therefore appropriate. In considering the scope of the remand, the Court noted that the determination involved whether to remand the entire proceeding to the AAA for a new arbitration before a different arbitrator on all issues or whether to limit the remand to the issue of damages. As the previous M&O reflects, the Court concluded that remanding the entire

proceeding for a new arbitration was the appropriate course because damages were not readily ascertainable due to the arbitrator's failure to fully address all of the claims.

SFX seeks reconsideration of the Court's decision to remand the entire case for a new arbitration, which Defendants, Chris Agajanian Presents, Inc. and Chris Agajanian (collectively "CAPI"), had requested in the event that the Court agreed that vacatur was the appropriate remedy. SFX argues that the Court failed to consider the impact of Defendants, Chris Agajanian Presents, Inc. and Chris Agajanian's (collectively "CAPI"), failure to timely object to or request modification or vacatur of the award. As a result, SFX asserts that CAPI should now be precluded from requesting a remand of the entire proceeding.

In response, CAPI agrees that it never asked the Court to vacate and remand the arbitration award. Instead, CAPI maintains that its position has always been that dismissal was appropriate on various grounds, and that failing dismissal, the award should be confirmed as rendered. According to CAPI, SFX's contention that CAPI has waived any objections to the award by not making a timely request for a new arbitration in either the arbitration proceeding or before this Court is misplaced. Specifically, CAPI notes that its objection is not to the arbitration award itself, but to the relief requested by SFX. The Court agrees. CAPI correctly distinguishes its objection to the relief requested by SFX from an objection to the award itself, which would be untimely under 9 U.S.C. § 12. As a result, the Court finds CAPI's objection to the relief requested by SFX is timely and proper in light of the circumstances of this case.

While agreeing with SFX that the arbitrator's decision contained an error of law, the Court also concluded in its previous M&O that the erroneous legal conclusion could have permeated other aspects of the award. Thus, the Court was left with no other option than to remand in order for a

complete award to be rendered. As such, the Court finds that reconsideration of its previous decision is unwarranted.

## Conclusion

For the foregoing reasons, SFX's Motion to Reconsider is DENIED.

It is so ORDERED.

Signed this 5th day of April, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE